```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/9/12
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | ) Civil Action No. 12-CIV-7192 |
| | ) (PAE) |
| **Plaintiff,** | ) [Rel. 12-Civ.-7186] |
| **v.** | ) |
| | ) |
| **Mikael Marczak, a/k/a Michael Marczak,** | ) |
| **individually, also d/b/a Virtual PC Solutions, First** | ) |
| **PC Solution, Direct PC Solution, Virtual IT** | ) **PRELIMINARY** |
| **Supports, and Global Innovative Services, and** | ) **INJUNCTION AS TO WAHID** |
| | ) **ALI** |
| **Wahid Ali, individually, and as a manager of** | ) |
| **Virtual PC Solutions and Global Innovative** | ) |
| **Services,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to

Section 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b)

and 57b, filed a Complaint for Injunctive and Other Equitable Relief, and applied *ex parte* for

a temporary restraining order and for an order to show cause why a preliminary injunction

should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.  On

September 25, 2012, Judge Engelmayer of the Southern District of New York granted the

FTC's application and entered a Temporary Restraining Order and Order to Show Cause

against Defendants Mikael Marczak, a/k/a Michael Marczak, individually, also d/b/a Virtual

PC Solutions, First PC Solution, Direct PC Solution, Virtual IT Supports, and Global

Innovative Services, and Wahid Ali, individually, and as a manager of Virtual PC Solutions

and Global Innovative Services. On October 5, 2012, the FTC and Defendant Mikael Marczak stipulated to continue the Temporary Restraining Order and Order to Show Cause as to Defendant Mikael Marczak until December 4, 2012.

## FINDINGS

The Court has considered the pleadings, declarations, exhibits, and memoranda filed in support of the Commission's application and makes the following findings of fact:

1.      This Court has jurisdiction of the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties.

2.      There is good cause to believe that venue lies properly in this Court.

3.      There is good cause to believe that Defendant Wahid Ali has engaged in and is likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Commission's Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310. Plaintiff Commission therefore is likely to prevail on the merits of this action.

4.      The evidence set forth in the Commission's Memorandum of Law in Support of *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause ("TRO Motion"), and the accompanying declarations and exhibits, demonstrates that the Commission is likely to prevail on its claim that Defendant Wahid Ali has engaged in deceptive acts or practices in violation of Section 5 of the FTC Act by making materially deceptive representations in connection with the marketing, selling, and distribution of computer security or technical support services.

5.      The evidence set forth also demonstrates that the Commission is likely to prevail on its claim that Defendant Wahid Ali has engaged in acts or practices that have violated the TSR.

6.     There is good cause to believe that Defendant Wahid Ali will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court.  There is also good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by Defendant Wahid Ali of his assets or business records, unless Defendant Wahid Ali is immediately restrained and enjoined by Order of this Court.

7.     There is good cause for the Court to order an asset freeze against and permanent receivership over Defendant Wahid Ali.  Based on the evidence set forth in the TRO Motion, the Commission is likely to be able to prove that Defendant Wahid Ali has generated revenue from activity that violates Section 5 of the FTC Act and the TSR, including misrepresenting to consumers that Defendants are from, affiliated with, or calling on behalf of well-known computer companies and that the consumers have security or performance issues on their computers, including viruses, spyware, or system errors, and calling telephone numbers on the National Do Not Call Registry.  An asset freeze and receiver are necessary in order to preserve the possibility of complete and meaningful relief in the form of disgorgement and/or consumer redress at the conclusion of this litigation.

8.     Weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction halting Defendant Wahid Ali's unlawful conduct, continuing the freeze as to all of Defendant Wahid Ali's assets, preserving business records, and providing other equitable relief is in the public interest.

9.     Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency

thereof for the issuance of a preliminary injunction.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1.   **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property, wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries, shares of stock, list of customer names, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including but not limited to any other trust held for the benefit of Defendant Wahid Ali, any of Defendant Wahid Ali's minor children, or Defendant Wahid Ali's spouse.

2.   **"Defendant" or "Defendants"** means Mikael Marczak, a/k/a Michael Marczak, individually and doing business as Virtual PC Solutions, First PC Solution, Direct PC Solution, Virtual IT Supports, and Global Innovative Services, and Wahid Ali, individually, and as a manager of Virtual PC Solutions and Global Innovative Services, and any other d/b/a, corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by either Mikael Marczak or Wahid Ali.

3.   **"Defendant Wahid Ali"** means Wahid Ali, individually, and as a manager of Virtual PC Solutions and Global Innovative Services, and any other d/b/a, corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by him.

4.    **"Document" or "Documents"** is synonymous in meaning and equal in scope to the

usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence, including e-mail and instant messages, photographs, audio and video recordings, computer records, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

5.   A **"Host"** or **"Hosting Company"** is the party that provides the infrastructure for a computer service. With respect to web pages and web sites, a Host or Hosting Company maintains "Internet servers" – the computers on which web sites, web pages, Internet files, or resources reside. The Host or Hosting Company also maintains the communication lines required to link the server to the Internet. Often, the content on the servers (*i.e.,* content of the web pages) is controlled by someone other than the Host or Hosting Company.

6.   **"Plaintiff"** means the Federal Trade Commission.

7.   **"Receiver"** means the permanent receiver appointed in Section XI of this Order and any

deputy receivers that may be named by the permanent receiver.

8.    **"Representative"** means any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of any Defendant, and any person or entity in active concert or participation with any of the foregoing who receives actual notice of this Order by personal service or otherwise (Fed. R. Civ. P. 65(d)).

9.    **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

10.   The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary, and to make the applicable phrase or sentence inclusive rather than exclusive.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that Defendant Wahid Ali and his Representatives are preliminarily restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that: (1) they are from, affiliated with, or calling on behalf of any company other than Defendants' company; and (2) security or performance issues have been detected on a computer, including but not limited to claims that a computer contains viruses, spyware, or system errors.

## PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING
## PRACTICES

## II.

**IT IS FURTHER ORDERED** that, in connection with telemarketing, Defendant Wahid Ali and his Representatives are hereby preliminarily restrained and enjoined from engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

A.      Making a false or misleading statement to induce any person to pay for goods or services, in violation of Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4);

B.      Initiating any outbound telemarketing call to a person's telephone number on the National Do Not Call Registry of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services, in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless:

(1)      the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

(2)      the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of Defendants;

C.     Initiating, or causing others to initiate, an outbound telephone call to a telephone number within a given area code without first, either directly or through another person, paying the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry, in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8.

## CUSTOMER LISTS

## III.

**IT IS FURTHER ORDERED** that Defendant Wahid Ali and his Representatives are hereby preliminarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, credit card number, debit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant, at any time prior to entry of this Order, in connection with the telemarketing, advertising, promoting, offering for sale, and selling of computer services. Provided, however, that Defendant Wahid Ali may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.  Defendant Wahid Ali is also hereby preliminarily restrained and enjoined from making any use of any Defendant's customer lists in any business, whether or not related to the present action.

## SUSPENSION OF WEB SITES

## IV.

**IT IS FURTHER ORDERED** that any party hosting any webpage or website for

Defendant Wahid Ali and any domain registrar who has provided or is providing domain name registration services on Defendant Wahid Ali's behalf are hereby preliminarily restrained and enjoined from failing to:

A.     Immediately take whatever steps may be necessary to ensure that any webpage or website operated, in whole or in part, in connection with the Defendants' provision of computer repair services cannot be accessed by the public; and

B.     Prevent the destruction or erasure of any webpage or website operated, in whole or in part, on any Defendant's behalf, preserving such documents in the format in which they are currently maintained, and prevent the destruction or erasure of all records relating to the Defendants.

## DISCONNECTION OF TELEPHONE NUMBERS

### V.

**IT IS FURTHER ORDERED** that any telephone service provider for Defendant Wahid Ali, including but not limited to Voice Over Internet Protocol and telecommunications service providers and toll-free forwarding services, who has provided or is providing telephone services on Defendant Wahid Ali's behalf are hereby preliminarily restrained and enjoined from failing to immediately take whatever steps may be necessary to ensure that any telephone or fax number operated, in whole or in part, in connection with the Defendants' provision of computer repair services, is disconnected from service.

## ASSET FREEZE

## VI.

**IT IS FURTHER ORDERED** that Defendant Wahid Ali and his Representatives are hereby preliminarily restrained and enjoined from:

A.       Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, that are:  (1) owned, controlled, or held, in whole or in part, by Defendant Wahid Ali; (2) held, in whole or in part, for the direct or indirect benefit of, any Defendant; (3) in the actual or constructive possession of Defendant Wahid Ali; or (4) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by Defendant Wahid Ali, including, but not limited to, any assets held by or for, or subject to access by, Defendant Wahid Ali, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B.       Opening or causing to be opened any safe deposit boxes titled in the name of Defendant Wahid Ali, or subject to access by him;

C.       Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of Defendant Wahid Ali;

D.       Obtaining a personal or secured loan titled in the name of Defendant Wahid Ali,

or subject to access by him; and

      E.      Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of Defendant Wahid Ali.

     *Provided, however,* that the assets affected by this Section shall include: (1) all of the assets of Defendant Wahid Ali existing as of the date this Order was entered; and (2) for assets obtained after the date this Order was entered, only those assets of Defendant Wahid Ali that are derived from conduct prohibited in Sections 1 and II.

**FINANCIAL REPORTS AND ACCOUNTING**

**VII.**

     **IT IS FURTHER ORDERED** that, if he has not done so already in compliance with the temporary restraining order previously issued in this matter, Defendant Wahid Ali, within five (5) days of receiving notice of this Order, shall provide the Commission and the Receiver with completed financial statements, verified under oath and accurate as of the date of entry of this Order, on the form attached to this Order as **Attachment A**. Defendant Wahid Ali shall include in the financial statements a full accounting of all funds and assets, whether located inside or outside of the United States, that are: (a) titled in the name of Defendant Wahid Ali, jointly, severally, or individually; (b) held by any person or entity for the benefit of Defendant Wahid Ali; or (c) under the direct or indirect control of Defendant Wahid Ali.

Page 11 of 31

## RETENTION OF ASSETS AND RECORDS

## BY FINANCIAL INSTITUTIONS

## VIII.

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request

for a preliminary injunction, any financial or brokerage institution, business entity, or person

served with a copy of this Order that holds, controls, or maintains custody of any account or

asset of Defendant Wahid Ali, or has held, controlled or maintained custody of any such account

or asset at any time since the date of entry of this Order, shall:

A. Hold and retain within its control and prohibit the withdrawal, removal, assignment,

transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of

any such asset except by further order of the Court;

B. Deny Defendant Wahid Ali access to any safe deposit box that is:

  1.  titled in the name of any Defendant, individually or jointly; or

  2.  otherwise subject to access by any Defendant;

C. Provide the Commission's counsel, within five (5) business days of receiving a copy

of this Order, a sworn statement setting forth:

  1.  the identification number of each such account or asset titled in the name,

    individually or jointly, of Defendant Wahid Ali, or held on behalf of, or

    for the benefit of Defendant Wahid Ali;

  2.  the balance of each such account, or a description of the nature and value

    of each such asset as of the close of business on the day on which this

Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3.      the identification of any safe deposit box that is titled in the name, individually or jointly, of Defendant Wahid Ali, or is otherwise subject to access by Defendant Wahid Ali; and

D.   Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including but not limited to originals or copies of account applications, account statements, loan applications, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Commission to obtain copies of any such records which the Commission seeks.

## FOREIGN ASSET REPATRIATION

## IX.

**IT IS FURTHER ORDERED** that, if he has not done so already in compliance with the temporary restraining order previously issued in this matter, within five (5) business days of receiving notice of this Order, Defendant Wahid Ali shall:

A.      Provide the Commission with a full accounting, verified under oath and accurate as of the date of this Order, of all funds, documents, and assets outside of the United States

which are: (1) titled in the name, individually or jointly, of Defendant Wahid Ali; or (2)

held by any person or entity for the benefit of Defendant Wahid Ali; or (3) under the

direct or indirect control, whether jointly or singly, of Defendant Wahid Ali;

B.  Transfer to the territory of the United States all funds, documents, and assets located

in foreign countries which are (1) titled in the name individually or jointly of Defendant

Wahid Ali; or (2) held by any person or entity, for the benefit of Defendant Wahid Ali; or

(3) under Defendant Wahid Ali's direct or indirect control, whether jointly or singly.

If Defendant Wahid Ali does not currently hold an account at a financial

institution located in the United States, he shall repatriate all assets and funds to this

Court's Registry.

C.  Provide the Commission access to all records of accounts or assets of Defendant

Wahid Ali held by financial institutions located outside the territorial United States by

signing the Consent to Release of Financial Records attached to this Order as

**Attachment B**.

**INTERFERENCE WITH REPATRIATION**

**X.**

**IT IS FURTHER ORDERED** that Defendant Wahid Ali is hereby preliminarily

restrained and enjoined from taking any action, directly or indirectly, which may result in the

encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by

Section IX of this Order, including but not limited to:

A.  Sending any statement, letter, fax, e-mail or wire transmission, telephoning or

Page 14 of 31

engaging in any other act, directly or indirectly, that results in a determination by a foreign

trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

agreement, until such time that all assets have been fully repatriated pursuant to Section IX of

this Order;

B.   Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

a Court Order, until such time that all assets have been fully repatriated pursuant to Section IX of

this Order.

## APPOINTMENT OF PERMANENT RECEIVER

## XI.

**IT IS FURTHER ORDERED** that Howard I. Camhi is appointed permanent receiver

for the business activities and assets of Defendant Wahid Ali.  The Receiver shall be the agent of

this Court, and solely the agent of this Court, in acting as Receiver under this Order.  The

Receiver shall be accountable directly to this Court.

## RECEIVER'S DUTIES

## XII.

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to

accomplish the following:

A.      Assume full control of Defendant Wahid Ali's business operations removing, as

the Receiver deems necessary or advisable, Defendant Wahid Ali or any director, officer,

independent contractor, employee, or agent of Defendant Wahid Ali from control of,

management of, or participation in, the affairs of Defendant Wahid Ali;

      B.     Take exclusive custody, control, and possession of all the funds, property, mail, and other assets of, or in the possession, custody, or under the control of, Defendant Wahid Ali's businesses, provided any such businesses are located in the United States. The Receiver shall have full power to divert mail, control the phone numbers, control and/or take down websites and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of Defendant Wahid Ali and other persons or entities whose interests are now under the direction, possession, custody, or control of, Defendant Wahid Ali. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to Defendant Wahid Ali. Provided, however, that the Receiver, without prior Court approval, shall not attempt to collect any amount from a consumer if the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices or other violations of law alleged in the Complaint in this matter;

      C.     Take all steps necessary to secure the business premises, provided any such businesses are located in the United States, relating to the business activities of Defendant Wahid Ali. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:

(1)     serving this Order;

(2)     completing a written inventory of all receivership assets;

(3)     obtaining pertinent information from all employees and other agents of Defendant Wahid Ali's, including, but not limited to, the name, home address, social security number, job

description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent;

(4)     photographing and video taping any or all portions of the location;

(5)     securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and

(6)     requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of Defendant Wahid Ali.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.

D.     Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of Defendant Wahid Ali, including, but not limited to, obtaining an accounting of the assets and preventing the unauthorized transfer, withdrawal, or misapplication of assets;

E.     Enter into contracts and purchase insurance as advisable or necessary;

F.     Manage and administer the business of Defendant Wahid Ali until further order of this Court by performing all incidental acts that the Receiver deems to be advisable or necessary, which includes but is not limited to:  retaining, hiring, or dismissing any employees, independent contractors, or agents;

G. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

H. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Defendant Wahid Ali prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure assets of Defendant Wahid Ali, such as rental payments;

I. Suspend business operations of Defendant Wahid Ali if in the judgment of the Receiver such operations cannot be continued legally and profitably;

J. Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of Defendant Wahid Ali, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

K. Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against Defendant Wahid Ali, as the Receiver deems necessary and advisable to preserve the assets of Defendant Wahid Ali, or as the Receiver deems necessary and advisable to carry out the

Receiver's mandate under this Order;

L. Issue subpoenas to obtain documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate;

M. Open one or more bank accounts as designated depositories for funds of Defendant Wahid Ali. The Receiver shall deposit all funds of Defendant Wahid Ali in such a designated account and shall make all payments and disbursements from the receivership estate from such an account. The Receiver shall serve copies of monthly account statements on all parties;

N. Maintain accurate records of all receipts and expenditures that he makes as Receiver; and

O. Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

### TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

### XIII.

**IT IS FURTHER ORDERED** Defendant Wahid Ali and his Representatives and any other person or entity with possession, custody or control of property of or records relating to Defendant Wahid Ali shall upon notice of this Order by personal service or otherwise immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A. All assets of Defendant Wahid Ali;

B.     All documents relating to the business of Defendant Wahid Ali, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

C.     All computers and data in whatever form used to conduct the business of Defendant Wahid Ali;

D.     All assets belonging to other persons or entities whose interests are now under the direction, possession, custody, or control of, Defendant Wahid Ali;

E.     All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of Defendant Wahid Ali, including, but not limited to, access to his means of communication, accounts, computer systems, other property, or business premises, provided any such businesses are located in the United States;

F.     All information and documentation necessary to access and modify the content on any web page or website associated with the marketing of computer security or technical support services Defendant Wahid Ali, in whole or in part, owns and controls, operates, or hosts.

In the event that any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Receiver may file ex parte an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement

officer, to seize the asset, document, or other item covered by this Section and to deliver it to the
Receiver.

## COOPERATION WITH THE RECEIVER

### XIV.

**IT IS FURTHER ORDERED** that Defendant Wahid Ali and all other persons or
entities served with a copy of this Order shall fully cooperate with and assist the Receiver in
taking and maintaining possession, custody, or control of the assets of Defendant Wahid Ali.
This cooperation and assistance shall include, but not be limited to:  providing information to the
Receiver that the Receiver deems necessary in order to exercise the authority and discharge the
responsibilities of the Receiver under this Order; providing any password required to access any
computer, electronic file, or telephonic data in any medium; providing the receiver all
information and documentation necessary to access and modify the content on any web page or
website associated with the marketing of computer security or technical support services that
Defendant Wahid Ali or any of his successors or assigns, in whole or in part, own and control,
operate, or host; advising all persons who owe money to Defendant Wahid Ali that all debts
should be paid directly to the Receiver; and transferring funds at the Receiver's direction and
producing records related to the assets and sales of Defendant Wahid Ali.  The entities obligated
to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-
dealers, savings and loans, escrow agents, title companies, commodity trading companies,
precious metals dealers and other financial institutions and depositories of any kind, and all
third-party billing agents, and telecommunications companies that have transacted business with

Defendant Wahid Ali.

## INTERFERENCE WITH THE RECEIVER

### XV.

**IT IS FURTHER ORDERED** that Defendant Wahid Ali and his Representatives are hereby restrained and enjoined from directly or indirectly:

    A.    Interfering with the Receiver managing, or taking custody, control, or possession of, the assets or documents subject to this receivership;

    B.    Transacting any of the business of Defendant Wahid Ali;

    C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Defendant Wahid Ali, or the Receiver;

    D.    Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court;

    E.  Failing to provide the receiver all information and documentation necessary to access and modify the content on any web page or website associated with the marketing of computer security or technical support services Defendant Wahid Ali, or any of his successors or assigns, in whole or in part, own and control, operate, or host.

## STAY OF ACTIONS AGAINST RECEIVERSHIP ENTITIES

### XVI.

**IT IS FURTHER ORDERED** that, except by leave of this Court, during pendency of the receivership ordered herein, Defendant Wahid Ali, his Representatives, and all investors,

creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendant Wahid Ali, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the assets or documents of Defendant Wahid Ali, including, but not limited to:

A.    Petitioning, or assisting in the filing of a petition, that would cause Defendant Wahid Ali to be placed in bankruptcy;

B.    Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against Defendant Wahid Ali, including the issuance or employment of process against Defendant Wahid Ali, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.    Filing or enforcing any lien on any asset of Defendant Wahid Ali, taking or attempting to take possession, custody, or control of any asset of Defendant Wahid Ali; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of Defendant Wahid Ali, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

D.    Initiating any other process or proceeding that would interfere with the Receiver managing or taking custody, control, or possession of, the assets or documents subject to this receivership. Provided that, this Order does not stay: (i) the commencement or continuation of a criminal action or proceeding; (ii) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (iii) the

Page 23 of 31

enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by

a governmental unit to enforce such governmental unit's police or regulatory power.

## COMPENSATION OF RECEIVER

### XVII.

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable

compensation for the performance of duties pursuant to this Order and for the cost of actual out-

of-pocket expenses incurred by them, from the assets now held by, in the possession or control of,

or which may be received by, Defendant Wahid Ali. The Receiver shall file with the Court and

serve on the parties periodic requests for the payment of such reasonable compensation, with the

first such request filed no more than sixty (60) days after the date of entry of this Order. The

Receiver shall not increase the hourly rates used as the bases for such fee applications without

prior approval of the Court.

## RECEIVER'S BOND

### XVIII.

**IT IS FURTHER ORDERED** that the Receiver, if he has not already done so in

compliance with the Temporary Restraining Order previously issued in this case, shall file with

the Clerk of this Court a bond in the sum of $25,000 with sureties to be approved by the Court,

conditioned that the Receiver will well and truly perform the duties of the office and abide by and

perform all acts the Court directs.

## ACCESS TO BUSINESS OFFICES AND RECORDS

### XIX.

**IT IS FURTHER ORDERED** that, in order to allow the Commission and the Receiver to preserve assets and evidence relevant to this action, Plaintiff and Receiver, and their representatives, agents, and assistants, shall have immediate access to the business premises of Defendant Wahid Ali, provided any such businesses are located in the United States. The Commission and the Receiver, and their agents, and assistants, are authorized to employ the assistance of law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order. The Commission and the Receiver, and their agents, and assistants, are authorized to remove documents from the business premises of Defendant Wahid Ali in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action.

Furthermore, the Receiver shall allow Defendant Wahid Ali reasonable access to the business premises and business records of Defendant Wahid Ali within his possession for the purpose of inspecting and copying materials relevant to this action. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## EXPEDITED DISCOVERY

### XX.

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d)

and (f), 30(a)(2)(A), and 31(a)(2)(A), the Commission and the Receiver are granted leave, at any time after entry of this Order to:

1.      Upon reasonable notice, take the deposition of any person or entity, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendant Wahid Ali; the location of any premises where Defendant Wahid Ali, directly or through any third party, conducts business operations; and Defendant Wahid Ali's whereabouts; and

2.      Upon reasonable notice, demand the production of documents from any person or entity, whether or not a party, relating to the nature, status, and extent of the assets of Defendant Wahid Ali; the location of any premises where Defendant Wahid Ali, directly or through any third party, conducts business operations; and Defendant Wahid Ali's whereabouts.

        The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Southern District of New York, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(i) and 31(a)(2)(A)(i). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XXV of this Order.

## PRESERVATION OF RECORDS

## XXI.

**IT IS FURTHER ORDERED** that Defendant Wahid Ali is hereby preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, writing over, or otherwise disposing of, in any manner, directly or indirectly, any documents or records of any kind that relate to the business practices or business or personal finances of any of the Defendants, including but not limited to, computerized files and storage media on which information has been saved (including, but not limited to, floppy disks, hard drives, CD-ROMS, zip disks, punch cards, magnetic tape, backup tapes, and computer chips), and any and all equipment needed to read any such material, contracts, accounting data, correspondence, advertisements (including, but not limited to, advertisements placed on the World Wide Web or the Internet), FTP logs, Service Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of any of the Defendants.

## IDENTIFICATION OF PRODUCTS AND WEB SITES

### XXII.

**IT IS FURTHER ORDERED** that Defendant Wahid Ali shall, within five (5) days of receiving notice of this Order, prepare and deliver to the Commission a completed statement, verified under oath and accurate as of the date of entry of this Order, identifying: (1) the name of each computer security or technical support service marketed and/or sold by the Defendants since 2011; (2) the URL and hosting facility for all websites associated with these services; and (3) the number of purchases and the total gross revenue received from purchases of each service.

## RECORD KEEPING/BUSINESS OPERATIONS

### XXIII.

**IT IS FURTHER ORDERED** that Defendant Wahid Ali is hereby preliminarily restrained and enjoined from:

A.      Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect his incomes, disbursements, transactions, and use of money; and

B.      Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## DISTRIBUTION OF ORDER BY DEFENDANT WAHID ALI

## XXIV.

**IT IS FURTHER ORDERED** that Defendant Wahid Ali shall immediately provide a copy of this Order to each affiliate, subsidiary, hosting company, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, and spouse of each Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that Defendant Wahid Ali has complied with this provision of the Order, which statement shall include the names, physical addresses, and e-mail addresses of each such person or entity who received a copy of the Order.

## AUTHORITY TO SERVE DEFENDANT WAHID ALI

## IN A FOREIGN COUNTRY BY INTERNATIONAL COURIER

## XXV.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff may serve this Order and all related documents on Defendant Wahid Ali by private international courier.

## SERVICE OF ORDER

## XXVI.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents of Defendant Wahid Ali, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any

financial institution shall effect service upon the entire financial institution.

## CONSUMER CREDIT REPORTS

## XXVII.

**IT IS FURTHER ORDERED** that, pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer

report concerning Defendant Wahid Ali to the Commission.

## SERVICE UPON THE COMMISSION

## XXVIII.

**IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings

related to this Order, service on the Commission shall be performed by overnight mail delivery to

the attention of Kelly Horne at the Federal Trade Commission, 600 Pennsylvania Avenue, NW,

Room H-286, Washington, DC 20580.

## RETENTION OF JURISDICTION

## XXIX.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all

purposes. No security is required of any agency of the United States for the issuance of a

restraining order. Fed. R. Civ. P. 65(c).

**SO ORDERED,** this 9ᵗʰ day of _October_, 2012, at 4:30 pm.

_Paul A. Engelmayer_

The Honorable Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE